FANNIE WHEELER (GREENWALT), Appellee, v. ANTHONY WHEELER, Appellant.

No. 42375.

DECEMBER 12, 1933.

Ralph Maclean, for appellant.

Milton W. Strickler, for appellee.

EVANS, J.—The plaintiff obtained a decree of divorce from her husband, defendant herein, in September, 1929. She received no alimony; nor did she ask for any. There were four boys to be provided for, ranging·in age from 12 to 17 years. Because she was homeless and without property, the wife consented that the custody of the boys be awarded to the father, who had an occupation in which he earned $45 per week. The father found himself unable to make a home for his boys and never did provide a home. In lieu thereof he placed them in a boarding house and paid their board. The environment was bad, and some of them became involved in delinquency, which brought the public authorities into conference. The result was that the father agreed with the mother that she might take the custody of the boys and that he would pay for the expense thereof to the amount of $3.50 per week for the two younger boys and $4 per week for the older ones. Under this arrangement the mother assumed the custody of her boys and has mothered them ever since. This occurred in November, 1930. In the meantime the mother remarried and came thereby into a comfortable home wherein the boys have lived with her happily. The foregoing should be qualified with the statement that the two older boys have become self-supporting and nothing is claimed in their behalf in this application. The two younger boys are still with their mother in her home. Each of them testified that he wanted to maintain his home with his mother in preference to any other arrangement. The stepfather is considerate and accords to the mother the full liberty to keep her boys in the home. The father paid the amounts stipulated for some time and until shortly prior to the filing of this application. He had become in arrears to the amount of $125. He pleads poverty in that he is earning now only $20 a week, though engaged in the same employment as before. Rather than to perform further his contractual obligation, he has suddenly demanded of the plaintiff the custody of the boys. He has become a resident at Carroll, Iowa. He testified:

"Two or three weeks ago I came down here after the boys, and I then told my wife that I wouldn't pay their board any longer *if she wouldn't let me take the boys back with me.*"

He testified also: "If I take the boys to Carroll I can take care of them. I have always been willing to take care of them and when

I defaulted it was because I didn't have any money to pay with. If I take them up there *maybe I can get jobs for them.*"

It is quite evident from the record that the defendant is more anxious to save expense that he is to give proper care to his boys. During the period prior to November, 1930, he did not live with them. His concern now, if he should obtain their custody, is to make them earn their own living. The record indicates inferentially that the purpose of his demand for the custody was one of duress upon the mother to induce her to waive payments from him. The district court awarded custody to the mother. Without any doubt it is to the interest of the minors that that order should stand. To say that there has been no change in the circumstances of the case is not a proper interpretation of the record. The parties themselves by mutual agreement worked a very material change in the circumstances by their contract of November, 1930. It would have been entirely proper in the first instance if the court had formally entered an order conformable to the mutual agreement. The contract itself was personally binding upon the defendant without any court order. By his contract he had transferred the burden of custody from himself to the impoverished mother. As a consideration for such transfer, he agreed to pay the price. The sum total of the burden imposed upon him by the court is less than his undertaking in November, 1930. The court imposed upon him no obligation to pay anything for the two older boys. It ordered him to pay $15 a month for each of the two younger boys.

The order of the district court is affirmed.

ALBERT, C. J., and KINDIG, CLAUSSEN, and DONEGAN, JJ., concur.